Mr. Jim Pledger Director, Department of Finance and Administration P O Box 3278 Little Rock, AR 72203
Dear Mr. Pledger:
This is in response to your request for an opinion with regard to A.C.A. 21-4-204 through 21-4-207, involving the accrual and use of annual leave. You have asked, specifically, whether state employees can loan accrued annual leave to fellow employees.
It is my opinion that annual leave cannot be used in this manner. Section 21-4-204(a) states:
 Each permanent or probationary employee shall be entitled to annual leave with full pay computed on the basis of the following schedule for each complete month of service including the probationary period:
 Through 3 years _____________ 1 day per month 3 through 5 years _____________ 1 day and 2 hours per month 5 through 12 years _____________ 1 day and 4 hours per month 12 through 20 years _____________ 1 day and 7 hours per month
Subsection (b) of 21-4-204 states, with regard to provisional and temporary employees, that annual leave with pay "shall be allowed on the basis of one (1) working day for each complete month of service." Those working one-half time are granted leave at one-half the rate of the schedule for full-time employees. A.C.A.21-4-204(c).
This entitlement to annual leave credits thus appears to be personal to each employee. The only provision for transferring annual leave to another is as a consequence of the employee's death. Section 21-4-205 states that the unused accumulated annual leave of a deceased employee, not to exceed thirty days, is payable either to the estate "or to an individual authorized to receive such payment." A.C.A. 21-4-205(b)(1). It is also significant to note that employees transferring between state agencies, as defined in 21-4-203(1) retain all accumulated annual leave credits. A.C.A. 21-4-204(e)(3) And when an employee is separated from an agency as a result of resignation, layoff, termination of appointment, or dismissal, the unused annual leave credits are liquidated by a lump sum payment, not to exceed thirty days. A.C.A. 21-5-205(b)(1). "Annual leave" means "vacation time with pay. . . ." A.C.A. 21-4-203(8). Thus, annual leave is used by taking vacation time. The use of annual leave credits by way of a transfer or loan to another employee is not, in my opinion, contemplated under these provisions.
It should also be noted that a practice of lending annual leave to fellow employees could, in effect, result in the receipt of credits contrary to the leave schedule. The fellow employee would, it seems, thereby obtain annual leave in excess of that authorized per month.
One other provision should be noted in addressing this question. Section 21-4-204(f)(1) states: "Unearned annual leave shall not be loaned." While it might be contended that this provision refers to the lending of annual leave by one employee to another, and thus by implication authorizes the lending of "earned" annual leave, it is my opinion that a more reasonable construction focuses upon the employee, individually. That is, this subsection reasonably precludes an employee from obtaining annual leave that has not yet been "earned", or in advance of the schedule which computes it on the basis of "each complete month of service". See A.C.A. 21-4-204(a) — (c). If all of the employee's accumulated leave has been used, he or she will not receive credit until the next month of service is completed. In other words, unearned leave cannot be "loaned" by the agency. This is, in my opinion, a reasonable interpretation of 21-4-204(f)(1), although legislative clarification may be indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.